**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**In Re:**

**Settlement Facility Dow Corning Trust,**

**Paula Purvis, on behalf of**
**Lynn Yvonne Purvis, deceased,**

        **Appellant.**

**Case No. 09-CV-12297**
**Honorable Denise Page Hood**

_____/

## MEMORANDUM OPINION AND ORDER

**I.    BACKGROUND**

On June 15, 2009, Paula Purvis filed a letter-appeal to this Court on behalf of her twin sister, Lynn Yvonne Purvis, who passed away in 1976. Lynn Yvonne Purvis was a claimant before the Settlement Facility–Dow Corning Trust ("SF-DCT") pursuant to the Amended Joint Plan of Reorganization ("Plan") in the Dow Corning Corporation ("Dow Corning") bankruptcy action. Ms. Purvis claims that her sister's disease claim was denied by the SF-DCT and the Appeals Judge. Ms. Purvis also refers to her option of filing a lawsuit against the DCC Litigation Facility, Inc. ("Litigation Facility").

Dow Corning Corporation ("Dow Corning") filed a Motion to Dismiss the Appeal of Paula Purvis on July 6, 2009. Ms. Purvis filed a response to the Motion on July 20, 2009. Ms. Purvis also filed a Motion to Continue the Appeal on October 14, 2009, a Motion for Summary Judgment on November 10, 2009 and a Motion of Probable Cause of Product Liability on February 9, 2010. Dow Corning filed a response to the Motion for Summary Judgment on December 4, 2009.

Ms. Purvis filed a disease claim on behalf of Lynn Yvonne Purvis before the SF-DCT on

October 21, 2005 claiming Systemic Lupus Erythematosus (SLE) under Options 1 and 2. The disease claim was initially denied by way of a Status Letter on May 31, 2007. The disease claim was also denied on direct appeal to the Claims Administrator on August 2, 2007 and again on September 26, 2007. (Motion, Doc. No. 2, Ex. 1) On January 25, 2008, the Appeals Judge denied the claim. (*Id.*) A Notification of Status letter was sent on February 18, 2008 stating that the rupture claim was deficient because the implants must have been removed prior to her death, which they had not been. (*Id.*)

For the reasons set forth below, Ms. Purvis' appeal must be dismissed.

## II. ANALYSIS

### A. Appeal

Dow Corning argues that appeals to this Court by claimants before the SF-DCT are expressly and unambiguously barred by the Plan. Dow Corning cites cases issued by the Court holding that the Plan language does not permit individual claimants to appeal the decisions of the Claims Administrator or the Appeals Judge to this Court. Ms. Purvis' response and statements in her subsequent motions claim that on behalf of her sister, she is entitled to funds from the SF-DCT, with interest. Ms. Purvis also claims that she is entitled to opt-out of the settlement options and file an action against the Litigation Facility.

Section 8.7 of the Amended Plan of Reorganization states that this Court retains jurisdiction to resolve controversies and disputes regarding the interpretation and implementation of the Plan and the Plan Documents, including the Settlement Facility and Fund Distribution Agreement ("SFA"), and, to enter orders regarding the Plan and Plan Documents. (Plan, §§ 8.7.3, 8.7.4, 8.7.5) The Plan provides for the establishment of the SF-DCT, which is governed by the SFA. (Plan, §

1.131) The SF-DCT was established to resolve Settling Personal Injury Claims in accordance with the Plan. (Plan, § 2.01) The SFA and Annex A to the SFA establish the exclusive criteria by which such claims are evaluated, liquidated, allowed and paid. (SFA, § 5.01) Resolution of the claims are set forth under the SFA and corresponding claims resolution procedures in Annex A. (SFA, § 4.01)

The Plan establishes administrative claim review and appeals processes for Settling Personal Injury claimants. Any claimant who does not agree with the decision of the SF-DCT may seek review of the claim through the error correction and appeal process. (SFA, Annex A, Art. 8) A claimant may thereafter obtain review by the Appeals Judge. (SFA, Annex A, Art. 8) The Plan provides that "[t]he decision of the Appeals Judge will be final and binding on the Claimant." (SFA, Annex A, § 8.05) Claimants who seek review under the Individual Review Process also have a right to appeal directly to the Appeals Judge. The Plan provides that "[t]he decision of the Appeals Judge is final and binding on both Reorganized Dow Corning and the claimant." (SFA, Annex A, § 6.02(vi))

Generally, the provisions of a confirmed plan bind the debtor and any creditor. 11 U.S.C. § 1141(a). Section 1127(b) is the sole means for modification of a confirmed plan which provides that the proponent of a plan or the reorganized debtor may modify such plan at any time after confirmation of such plan and before substantial consummation of the plan. 11 U.S.C. § 1127(b).

"In interpreting a confirmed plan courts use contract principles, since the plan is effectively a new contract between the debtor and its creditors." *In re Dow Corning Corporation,* 456 F.3d 668, 676 (6th Cir. 2006); 11 U.S.C. § 1141(a). "An agreed order, like a consent decree, is in the nature of a contract, and the interpretation of its terms presents a question of contract interpretation." *City of Covington v. Covington Landing, Ltd. P'ship,* 71 F.3d 1221, 1227 (6th Cir. 1995). A court

construing an order consistent with the parties' agreement does not exceed its power. *Id.* at 1228.

The Plan's language is clear and unambiguous that the decision of the Appeals Judge is final and binding on the claimants and the Reorganized Dow Corning. The Plan provides no right to appeal to the Court. Allowing the appeal to go forward and directing the Claims Administrator to pay the claims submitted by Ms. Purvis on behalf of her sister would be a modification of the Plan language. The Court has no authority to modify this language. Although bankruptcy courts have broad equitable powers that extend to approving plans of reorganization, these equitable powers are limited by the role of the bankruptcy court, which is to "guide the division of a pie that is too small to allow each creditor to get the slice for which he originally contracted." *In re Dow Corning,* 456 F.3d at 677-78 (quoting *In re Chicago,* 791 F.2d 524, 528 (7th Cir.1986)). "A bankruptcy court's exercise of its equitable powers is cabined by the provisions of the Bankruptcy Code." *Id.* at 678 (citing *In re Highland Superstores, Inc.,* 154 F.3d 573, 578-79 (6th Cir.1998)).

The Court recognizes that Ms. Purvis sincerely believes that her sister suffered from her implants and that her sister's implants ruptured. However, the Court has no authority to modify the language of the Plan to add language allowing Ms. Purvis to appeal the determination of both the SF-DCT and the Appeals Judge. Ms. Purvis has not shown that the Court has the authority to exercise its equitable powers outside the clear and plain language of the Plan in order to review the Appeals Judge's decision which is binding on Ms. Purvis and Dow Corning.

### B. Opt-out and Filing Action Against the Litigation Facility

Ms. Purvis refers to the right to opt-out of the settlement option in order to file an action against the Litigation Facility. Dow Corning responds that because Ms. Purvis elected to have the SF-DCT review her sister's claim, Ms. Purvis no longer has the option to opt-out and litigate the

4

claim against the Litigation Facility.

The Plan provides that each Personal Injury Claimant shall be afforded the option, "during the six-month period following the Effective Date, to elect to settle or to opt out of the settlement options under the Settlement Facility." (Plan, § 5.4) The Participation Form gives a Personal Injury Claimant the opportunity to elect to settle or litigate their Claims under the terms of the SFA or the Litigation Facility Agreement ("LFA"), as applicable. (Plan, § 1.123) Annex A of the SFA provides that Claimants have a right to elect to pursue litigation against the Litigation Facility instead of participating in the Settlement Program but "must affirmatively elect to litigate." (SFA, Annex A, § 3.02(a)) Personal Injury Claimants "must make their election by completing, signing and returning the Participation Form to the Claims Office on or before the six (6)-month anniversary of the Effective Date ("Election Deadline")." (SFA, Annex A, § 3.02(c)(i)) "Claimants who elect litigation must sign the Participation Form." (SFA, Annex A, § 3.02(c)(v)) "A Claimant whose Participation Form is rejected because it was not submitted by the Election Deadline may appeal to the Appeals Judge." (SFA, Annex A, Art. 3.02(c)) The word "must" means that the requirement is mandatory and not discretionary. *Perotta v. Gregory,* 4 Misc.2d 769, 771, 158 N.Y.S.2d 221, 223 (N.Y. Sup. 1957); *Lazar v. Towne House Rest. Corp.,* 6 N.Y.S.2d 923, 924, 190 N.Y.S.D. 997 (N.Y. 1959). The plain and ordinary meaning of the word "must" as set forth in Annex A of the Plan requiring claimants to affirmatively elect to litigate and to sign the Participation Form is unambiguous.

Ms. Purvis submitted her sister's claim for review before the SF-DCT. Ms. Purvis did not affirmatively elect to litigate the claim against the Litigation Facility by the Election Deadline. As noted above, the word "must" means the requirement to submit the Participation Form by the

5

Election Deadline is mandatory and is not discretionary. Nothing in the Plan or the Plan Documents provides the Court with the authority to allow a claimant, who did not submit a Participation Form by the Election Deadline, to later elect to litigate against the Litigation Facility after the November 29, 2004 Election Deadline. Only the Plan Proponents may jointly amend or modify the Plan. (Plan, Art. 11.4) The Plan Proponents' successors have not agreed in this case to modify the Plan or Plan Documents language to allow a claimant to opt-out of the SF-DCT, after having submitted an unsuccessful claim before the SF-DCT, to now elect to litigate the claim against the Litigation Facility beyond the November 29, 2004 Election Deadline.

Dow Corning properly supported its motion that Ms. Purvis failed to timely opt-out from the settlement program before the SF-DCT as required by the Plan. Ms. Purvis is now unable to file an action against the Litigation Facility.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Dow Corning's Motion to Dismiss the Appeal of Paula Purvis (**Doc. No. 2, 7/6/2009**) is GRANTED.

IT IS FURTHER ORDERED that Ms. Purvis' Motion to Continue the Appeal (**Doc. No. 4, filed 10/14/2009**) is DENIED.

IT IS FURTHER ORDERED that Ms. Purvis' Motion for Summary Judgment (**Doc. No. 5, filed 11/10/2009**) is DENIED.

IT IS FURTHER ORDERED that Ms. Purvis' Motion of Probable Cause of Product Liability (**Doc. No. 7, filed 2/10/2010**) is MOOT.

IT IS FURTHER ORDERED that this matter is DISMISSED with prejudice.

           */s/ Denise Page Hood*
           DENISE PAGE HOOD
           United States District Judge

DATED: March 25, 2010

---

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on this date, March 25, 2010, by electronic means and/or first class U.S. mail.

           S/Sakne Srour
           Deputy Clerk